NO. 07-03-0174-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 14, 2004

_____


LUBBOCK REGIONAL MENTAL HEALTH AND
MENTAL RETARDATION CENTER, APPELLANT

V.

PATTY MCMENAMY, INDIVIDUALLY AND AS
THE NEXT FRIEND OF JEFF MCMENAMY,
NON-COMPOS MENTIS, APPELLEE

_____

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-518,541; HONORABLE BILLY JOHN EDWARDS, JUDGE
_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Lubbock Regional Mental Health and Mental Retardation Center (MHMR) appeals

from a partial denial of its plea to the jurisdiction.  We reverse.

Patty McMenamy (McMenamy), individually and as next friend of Jeff McMenamy,

filed suit against MHMR alleging ordinary negligence and a violation of the Patient's Bill of

Rights, TEX. HEALTH & SAFETY CODE ANN. §§ 321.001-.004 (Vernon 2001),[1] for injuries that Jeff suffered while attending a program offered by appellant.

MHMR filed a Plea to the Jurisdiction urging that McMenamy's claims were barred by sovereign immunity.[2] As relevant to this appeal, MHMR contended that the Patient's Bill of Rights does not expressly or impliedly waive sovereign immunity.[3]

The trial court granted MHMR's plea in regard to the ordinary negligence claim, resulting in the dismissal of the claim for want of jurisdiction, but denied MHMR's plea in regard to the Patient's Bill of Rights claim. MHMR appealed the failure of the trial court to dismiss the Patient Bill of Rights claim. See TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (Vernon Supp. 2003).[4]

---

[1]Further references to Texas Health and Safety Code provisions will be by reference to "TH&SC §___."

[2]See Federal Sign v. Tex. S. Univ., 951 S.W.2d 401, 405 (Tex. 1997); Lowe v. Tex. Tech Univ., 540 S.W.2d 297, 298 (Tex. 1976).

[3]McMenamy did not contest MHMR's proof of its status as a community center organized under provisions of the Texas Mental Health/Mental Retardation Act of 1965, see TEX. REV. CIV. STAT. ANN. art. 5547-201 through 204, codified as TH&SC ch. 534, and its entitlement to sovereign immunity, absent a waiver of that immunity. See TH&SC § 534.001(c)(1); Dallas County Mental Health and Mental Retardation v. Bossley, 968 S.W.2d 339 (Tex. 1998).

[4]On July 10, 2003, McMenamy filed notice of appeal challenging the trial court's dismissal of her ordinary negligence claim for lack of jurisdiction. The trial court's order was dated March 31, 2003. McMenamy's notice of appeal was not timely filed. See TEX. R. APP. P. 26.1(b), (d) and 28. McMenamy did not file a brief in support of her attempted appeal of the trial court's dismissal of her ordinary negligence claim. We dismiss McMenamy's appeal. TEX. R. APP. P. 25.1(b) and 38.8(a)(1).

The Texas Supreme Court has now determined that there is neither an express nor implied waiver of sovereign immunity in the Patient's Bill of Rights and, therefore, state mental health facilities such as MHMR are immune from suit for violations of TH&SC § 321.001-.004. See Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692 (Tex. 2003).

Because sovereign immunity protects MHMR from suit for violations of the Patient's Bill of Rights provisions, the trial court did not have subject matter jurisdiction over McMenamy's Patient's Bill of Rights claim. We reverse that part of the trial court's order denying MHMR's plea to the jurisdiction, render judgment dismissing McMenamy's Patient's Bill of Rights claim for want of jurisdiction, and remand to the trial court for further proceedings.

Phil Johnson
Chief Justice